IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INFINITY,

        Plaintiff,                        No. CIV S-07-2098 GEB EFB P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

        Defendants.                ORDER

_____/

       Petitioner is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Although he styles his complaint, "Petition for a Writ of Mandamus," it appears that he seeks an injunction related to the conditions of his confinement, i.e., an order prohibiting the installation of devices that time the flushing of toilets. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. For the reasons explained below, the court transfers this action to the United States District Court for the Central District of California.

       A civil action, other than one based on diversity jurisdiction, must be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

1

1 judicial district in which any defendant may be found, if there is no district in which the action
2 may otherwise be brought." 28 U.S.C. § 1391(b).  Here, most defendants are located in
3 Riverside County, and the claim arose in Riverside County, California which is in the Central
4 District of California. 28 U.S.C. § 84(c)(1).
5       Therefore, in the interest of justice, this action is transferred to the United States District
6 Court for the Central District of California.  *See* 28 U.S.C. § 1404(a); *Starnes v. McGuire*, 512
7 F.2d 918, 932 (D.C. Cir. 1974).
8       So ordered.
9 DATED:  November 5, 2007.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

2